## 25771. MARTIN v. THE STATE.

Argued April 14, 1970—Decided May 21, 1970.

*George N. Skene*, for appellant.

*Jack Gautier, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Charles B. Merrill, Jr.*, for appellee.

GRICE, Justice. Having been found guilty and sentenced to life imprisonment for murder, Clifford Martin appealed to this court. He was indicted by the grand jury of Bibb County for the slaying of Eula Mae Harris, also known as Eula Mae Durham and Eula Mae Martin, and was tried in the superior court of that county. His sole enumeration of error is the denial of his motion for new trial, which was upon the general grounds only.

Upon our examination of the evidence we have concluded that it amply supports the verdict of guilty. That which is necessary to state here follows.

A detective of the City of Macon received a call about noon, and went immediately to the duplex residence of the defendant and the deceased. He said that there he found the deceased, a Negro female, lying half clad on a couch in the middle bedroom apparently shot in the head by a small caliber pistol. Her body was stiff. The defendant was in the house, sitting on the bed in the same room. He made no statement as to the cause of her death. The detective found a .22 caliber pistol in the middle bedroom dresser drawer, fully loaded, and also saw several holes in the walls and ceiling of one of the bedrooms. These appeared to be bullet holes. In that room he saw about eight .22 caliber hulls. The detective said that the defendant did not attempt to leave, and that he said he had a .22 caliber pistol in a specified bedroom, where the detective found it.

The county medical examiner testified that the bullet in the deceased appeared to be a .22 caliber one.

The coroner swore that in his opinion the deceased had been dead from six to eight hours, but that it could have been as much as 18 hours.

Several of the neighbors testified that the deceased and the defendant had been arguing and cursing during the night before. One said that she heard four shots, which sounded as if they were outside at the front door of the residence. Another stated that he heard four shots at about 7 or 8 p.m., and two shots at about 1 a.m.

When the defendant was taken to the city jail, four empty .22 caliber shells were found on his person.

A defendant's witness testified that he saw the deceased in

the same vicinity, walking toward the residence, about 9 a.m. on the day she was found.

The defendant in his unsworn statement told the jury, in substance, that the deceased argued and that he mocked her; that they then went to bed; that he left the house the next morning about 7 or 7:30 a.m.; that upon his return he found the deceased on the couch dead; and that he asked someone to call the police and an ambulance.

The jury evidently rejected the defendant's version as to what transpired, and chose to accept that of the State. Under the evidence they were authorized to do so.

*Judgment affirmed. All the Justices concur.*